UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELMSFORD APARTMENT ASSOCIATES, LLC, 36 APARTMENT ASSOCIATES, LLC, and 66 APARTMENT ASSOCIATES, J.V., <br><br>             Plaintiffs, <br><br>- against - <br><br>ANDREW CUOMO, as Governor of the State of New York, <br><br>             Defendant. | Civil Action 20-cv-04062 (CM) |

## PLAINTIFFS' OPPOSITION TO MOTION TO FILE *AMICUS CURIAE* BRIEF

             **LEHRMAN, LEHRMAN & GUTERMAN, LLP**
             **Attorneys for Plaintiffs**
             **199 Main Street, Suite 400**
             **White Plains, New York 10601**
             **(914) 761-4488**
             **By: Mark A. Guterman, Esq.**
             **MGuterman@llg-llp.com**

Plaintiffs file this memorandum in opposition to the motion by Housing Court Answers ("HCA"), Mount Vernon United Tenants ("MVUT") and United Tenants of Albany ("UTA")(collectively, the "Proposed *Amici*").

As stated in *United States v. Ahmed*, 788 F. Supp. 196, 198, n.1 (S.D.N.Y. 1992), cited by the Proposed *Amici* on their motion, this Court has broad discretion to permit or deny the appearance of *amici curiae*. Notably, the Court denied the motion to appear *amicus curiae* on the grounds that the moving-defendant's interests were adequately represented by his own counsel and that an additional memorandum of law "would not aid" the Court on the merits. On this test, the Proposed *Amici's* motion should be denied.

This action challenges the constitutionality of a particular Executive Order issued by the Defendant. The New York Attorney General will adequately represent the Governor as to all issues of law, and an additional memorandum will not be necessary as to those issues.[1] The parties herein have already acknowledged that this matter is properly decided as a matter of law, upon which the Court converted Plaintiffs' motion for injunctive relief to one for summary judgment. The particular factual assertions sought to be made by the Proposed *Amici* are therefore not relevant and would certainly not redeem an otherwise unconstitutional act by the Defendant.

The Proposed *Amici*'s claim that tenants would be "at imminent risk of eviction" is

---

[1]Plaintiffs clearly leave to the Court whether it is willing to accept an additional memorandum of law. That said, Plaintiffs have but two business days in which to respond. In this light, it is all the more significant that the Proposed *Amici* have not demonstrated that their *legal* brief would cover grounds not otherwise dealt with by the Attorney General.

simply untrue. As set forth on the Plaintiffs' motion, the proceedings to evict a tenant for non-payment of rent are already designed to provide tenants with time and opportunity to obtain funds to pay their rent and otherwise avoid eviction. That some tenants are currently unable to pay their rent is not disputed on this action. Rather, Plaintiffs assert, in part, that the Executive Order challenged is unconstitutional because it foists upon Plaintiffs and similarly situated landlords, the obligation to bear the burden of the tenants' economic situation - - an obligation that should rather be borne by the State, as a whole. Indeed, the Proposed *Amici* could as easily have moved to join Plaintiffs' action to compel the State to provide the funding and other relief necessary to protect tenants from "imminent eviction," while at the same time respecting Plaintiffs' constitutional rights.

Based upon the above, the Plaintiffs respectfully request that this Court deny the Proposed *Amici*'s motion.

Dated: White Plains, New York
June 15, 2020

LEHRMAN, LEHRMAN & GUTERMAN, LLP
Attorneys for Plaintiffs
199 Main Street, Suite 400
White Plains, New York 10601
(914) 761-4488
By: Mark A. Guterman, Esq.
MGuterman@llg-llp.com